PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION


KENNETH S. TAYLOR,                    )
                                      )    CASE NO.  5:19CV2212
            Plaintiff,                )
                                      )
      v.                              )    JUDGE BENITA Y. PEARSON
                                      )
DEUTSCHE BANK NATIONAL TRUST          )
COMPANY, *et al.*,                    )    **MEMORANDUM OF OPINION AND**
                                      )    **ORDER** [Resolving ECF No. 1]
            Defendants.               )



Bankruptcy Judge Alan M. Koschik submitted a Proposed Findings of Fact and

Conclusions of Law for the Court's review.  ECF No. 1.  Plaintiff has objected[1] and Defendants

have not responded and the time to do so has passed.  For the reasons stated below, the Court

adopts the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law in part[2] and

dismisses the non-core claims in their entirety with prejudice.

_____

[1] Plaintiff has filed his objection in the adversary case on the Bankruptcy Court's
docket.  *See* ECF No. 20 in United States Bankruptcy Court for the Northern District of
Ohio Case No. 19-05017-amk.

[2] As explained in this Order, the Court does not fully adopt the Bankruptcy
Court's rationale regarding the *Rooker-Feldman* doctrine's application to Plaintiff's claim
under the Truth in Lending Act ("TILA").  On other grounds, however, the Court finds
this claim is precluded and dismisses the claim.

# I. Introduction

## A. Mortgage

This case stems from a promissory note for a home in Twinsburg, Ohio signed by Plaintiff and his wife ("the Taylors") in February 2006.  ECF No. 1 at PageID #: 6.  To purchase the property, the Taylors signed a promissory note with Option One Mortgage Company ("Option One") in the amount of $84,500.  *Id.*; *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2013 WL 5442380, at *1 (Ohio Ct. App. Sept. 30, 2013).  As collateral for the loan, the promissory note granted Option One a mortgage on the property owned by the Taylors.  *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2013 WL 5442380, at *1.  Option One assigned the mortgage to Defendant Deutsche Bank National Trust Company ("Deutsche Bank") in June 2007.  *Id.*

The Taylors never made a monthly payment after March 30, 2007.[3]  *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2011 WL 345990, at *1 (Ohio Ct. App. Feb. 2, 2011).  In November 2007, the Taylors defaulted on the mortgage and Deutsche Bank filed a foreclosure action against them.  *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2013 WL 5442380, at *1.

## B. Previous Litigation in Federal and State Court

Although some of the claims raised before the Court are new, the underlying facts have been litigated in the federal and state courts for over a decade.[4]

---

[3] The Bankruptcy Court states this fact differently in its Proposed Findings of Fact and Conclusions of Law.  *See* ECF No. 1 at PageID #: 6 ("The Taylors have apparently never made a payment on the Note.").

[4] The Bankruptcy Court described the litigation history in lengthy detail.  ECF No. 1 at PageID #: 4-15.  Before this case, there were three other cases pertaining to this

(continued...)

(5:19CV2212)

## 1. State Case

After Deutsche Bank filed an action that was dismissed in federal court[5], it brought a foreclosure action in state court.  The state court entered a foreclosure decree and the appellate court affirmed granting of summary judgment but reversed summary judgment on Plaintiff's counterclaims due to procedural error.[6] *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2011 WL 345990, at *3-5.  On remand, the state trial court entered summary judgment in Deutsche Bank's favor on those counterclaims and the appellate court affirmed in part.[7] *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2013 WL 5442380, at *1-4.

---

[4](...continued)
matter filed in federal court.  *See* Case No. 5:07-cv-1840-SL; Case No. 5:10-cv-2766-JRA; Case No. 5:11-cv-521-BYP.  The most relevant prior federal case is Case No. 5:10-cv-2766.

[5] The first federal case was dismissed because Deutsche Bank filed the federal suit before it was assigned an interest in the mortgage.  *See* ECF No. 1 at PageID #: 6-7.  Accordingly, Deutsche Bank had no standing to bring the suit at the time it was filed and the case was dismissed without prejudice.  *Id.*

[6] The Ohio appellate court reversed summary judgment in favor of Deutsche Bank because it had not moved for summary judgment regarding the Taylors' counterclaims against it.  *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2011 WL 345990 at *4.  On remand, after Deutsche Bank properly moved for summary judgment regarding the counterclaims, the state court dismissed the Taylors' counterclaims against it.  ECF No. 1 at PageID #: 10.

[7] The appellate court reversed only with regard to the Taylors' counterclaims against Deutsche Bank's former counsel, Defendant Manley Deas Kochalski LLC ("Manley Deas") because Deutsche Bank could not move for summary judgment on its former counsel's behalf.  *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2013 WL 5442380, at *4.  On remand, the trial court dismissed the counterclaims against Manley Deas without prejudice for failing to provide proper service.  ECF No. 1 at PageID #: 11.

### 2. Case Number 5:10-cv-2766

In 2010, while the first state appeal was pending, the Taylors filed claims against Deutsche Bank under the Truth in Lending Act ("TILA")[8] in the Northern District of Ohio. *Taylor v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 5463046, at *1 (N.D. Ohio Dec. 29, 2010). The Court dismissed their claims as being barred by the *Rooker-Feldman*[9] doctrine and precluded by the state court's prior judgment. *Id.* at *2. After the case was remanded and the Court further explained the grounds for dismissal, the Sixth Circuit affirmed.[10]

### C. Property Sale

Deutsche Bank purchased the Taylors' property at a foreclosure sale. *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2016 WL 5724200, at *1 (Ohio Ct. App. Sept. 30, 2016). A state trial court confirmed the sale and deed. *Id.* An appellate court affirmed. *Id.* at *5

In 2017, the Ohio trial court entered an amended confirmation entry "for the sole purpose

---

[8] Plaintiff also filed claims under the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and other state law claims. *Taylor v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 5463046, at *1 (N.D. Ohio Dec. 29, 2010). These claims are not relevant to the Court's review of the Bankruptcy Court's findings.

[9] This doctrine's name is derived from two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[10] In the first appeal, the Sixth Circuit reversed the matter for further proceedings and specified that, on remand, the district court should explain its reasoning leading to dismissal. *See Taylor v. Deutsche Bank Nat'l Trust Co.*, 470 F. App'x 482, 485-86 (6th Cir. May 23, 2013). On the second appeal, the dismissal was affirmed. ECF No. 31 in Case No. 5:10-cv-2766-JRA.

of correcting the conveyance fee." *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2018 WL 893852, at *1 (Ohio Ct. App. Feb. 14, 2018). Plaintiff filed four subsequent motions which were denied and the appellate court affirmed the lower's court disposition of the motions. *Id.* at *2-3.

On August 7, 2018, the Ohio trial court issued a writ directing the Sheriff of Summit County to evict the Taylors. ECF No. 1 at PageID #: 13. Plaintiff filed subsequent motions in state court which were denied. *Id.* at PageID #: 14.

### D. Bankruptcy Proceeding and Adversary Case

On September 27, 2018, Plaintiff[11] filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio. *Id.* After filing a bankruptcy petition, Plaintiff filed an adversary case[12] in the Bankruptcy Court, raising six additional federal and state laws claims not grounded in bankruptcy law including: (1) a claim challenging the validity of the state foreclosure action and foreclosure deed, (2) a TILA claim, (3) a claim alleging that Defendants Attorney Franks and Franks' firm, Manley Deas Kochaski LLC ("Manley Deas"), are unauthorized to serve as counsel for Deutsche Bank, (4) claims for adverse possession and "color of title" under 42 U.S.C. §§ 1981, 1982, and 1983, (5) a claim for intentional infliction of

---

[11] Taylor's wife is not a party to the core bankruptcy proceeding or the adversary proceeding.

[12] Unlike the core bankruptcy proceeding, the debtor may raise federal claims other than bankruptcy claims, in addition to state claims, related to the debt in bankruptcy in an adversary proceeding. The Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law were entered in Plaintiff's adversary case, Case No. 19-05017-amk, in United States Bankruptcy Court for the Northern District of Ohio.

(5:19CV2212)

emotional distress, and (6) a claim to quiet title to the property.[13]  After Defendants filed a

motion to dismiss, the Bankruptcy Court submitted a Proposed Findings of Fact and Conclusions

of Law recommending dismissal of the non-core claims.  ECF No. 1.

The Bankruptcy Court also dismissed the remaining core bankruptcy claims in the

adversary proceeding and subsequently issued an Order lifting the automatic stay imposed when

Plaintiff filed for bankruptcy.  *See id.* at PageID #: 26-27.  In addition to objecting to the

Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law, Plaintiff has appealed

the lifting of the bankruptcy stay.[14]

## II. Standard of Review

### A. Proposed Findings of Fact and Conclusions of Law

Pursuant to 28 U.S.C. § 157(b)(3), the Bankruptcy Court must first determine whether

claims brought in an adversary proceeding are core or not core to the bankruptcy proceeding.

The Bankruptcy Court submits a proposed findings of fact and conclusions of law on the non-

core claims to the district court for review.  *Id.* § 157(c)(1).  Any final judgment on the non-core

claims shall be entered by the district court after *de novo* review.  *Id.*  Below, the Court conducts

---

[13] Plaintiff also raises claims under 11 U.S.C. §§ 544 and 548, but unlike the claims being considered by the Court, those are claims that are core to the bankruptcy proceeding.  ECF No. 1 at PageID #: 17.  Accordingly, the Court cannot and does not consider the merits of Plaintiff's claims under the bankruptcy statute.

[14] The appeal addresses the Bankruptcy Court's Order granting the motion for relief from the automatic stay.  *See* Case No. 5:19-cv-2263-SL.  The matter before the undersigned is entirely different.  The Court only needs to consider the six non-core claims.

a *de novo* review of the Bankruptcy Court's Proposed Conclusions of Law and Findings of Fact. *Id.*; *see also* Fed. R. Bankr. P. 9033(d).

### B. Motion to Dismiss

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability,

it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged    but it has not 'show[n]'    'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III. Discussion

The Bankruptcy Court recommended dismissing all of Plaintiff's non-core claims including: (1) a claim challenging the validity of the state foreclosure action and foreclosure deed, (2) a TILA claim, (3) a claim challenging Defendants Attorney Franks' and Manley Deas' role as counsel for Deutsche Bank, (4) adverse possession and "color of title" under 42 U.S.C. §§ 1981, 1982, and 1983, (5) claim for intentional infliction of emotional distress, and (6) quiet title to the property. The Court addresses each claim below respectively.

### A. Preclusion of Plaintiff's Challenges to Foreclosure Action and Sheriff's Sale

Plaintiff challenges the validity of the state court foreclosure action and the sheriff's sale. The Bankruptcy Court held that Plaintiff's claims were precluded under Ohio issue preclusion law and that it must provide full and faith credit to the preclusive effect pursuant to 28 U.S.C. § 1738. ECF No. 1 at PageID #: 18-19. Issue preclusion, also known as collateral estoppel, prevents a party from relitigating an issue decided by a court. *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007) (citation omitted). Issue preclusion applies when the

fact or issue (1) was actually and directly litigated in the prior action; (2) the court actually

determined the fact or issue in question; and (3) the party against whom issue preclusion is

asserted was a party, or in privity with a party, to the prior action. *Wenglor Sensors, Ltd. v. Baur*,

847 F.Supp.2d 1041, 1045 (S.D. Ohio 2012) (citations and quotations omitted).

Plaintiff's claim regarding the foreclosure sale and the deed are precluded. The Court of

Appeals of Ohio affirmed the trial court's granting of summary judgment on the claims regarding

foreclosure.[15] *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2013 WL 5442380; *Deutsche Bank Nat'l*

*Trust Co v. Taylor*, 2011 WL 345990. The appellate court later affirmed the deed and overruled

Plaintiff's challenge to it. *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2016 WL 5724200, at *4-5

(Ohio Ct. App. Sept. 30, 2016). Plaintiff and Deutsche Bank were parties in the state case. All

of the elements of Ohio issue preclusion law are satisfied. Accordingly, Plaintiff's claims

regarding the foreclosure action and deed are precluded and must be dismissed with prejudice.

**B. TILA Claim**

The Bankruptcy Court concluded that Plaintiff's TILA claim under 15 U.S.C. § 1635 and

Bankruptcy Code fraudulent transfer claim[16] pursuant to 11 U.S.C. § 548 should be dismissed

under the *Rooker-Feldman* doctrine and because these claims are precluded. For the reasons

---

[15] Although the appellate court reversed in part for the counterclaims against defense counsel, the appellate court affirmed the trial court's granting of summary judgment on the claims regarding Plaintiff's mortgage.

[16] Although the Bankruptcy Court applied the same rationale to dismiss both claims, the Court may only review the dismissal of the TILA claim because it is a non-core claim to the bankruptcy claim. *See* ECF No. 1 at PageID #: 19-21. The fraudulent transfer claim, on the other hand, is a core claim under the jurisdiction of the Bankruptcy Court.

explained below, the Court adopts the recommendation that Plaintiff's TILA claim be dismissed but does not fully adopt the Bankruptcy Court's rationale.

### 1. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine limits appellate review of state court judicial decisions (in the federal judicial system) to the Supreme Court of the United States. *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 416. The *Rooker-Feldman* doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgment rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). But "once the state adjudication is complete . . . . a federal court may be bound to recognize the claim-and-issue-preclusive effects of a state court-judgment." *Id.* at 293. In other words, "normal preclusion jurisprudence, not *Rooker-Feldman*, would guide the federal court decision if the state court reached a decision first." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006) (citing *Exxon Mobil*, 544 U.S. at 284). The doctrine should only apply when "a plaintiff complains of injury from the state court judgment itself." *Id.*

The Bankruptcy Court characterizes the Sixth Circuit's 2013 opinion affirming Judge Adams' dismissal as holding that "[d]ebtor's claims were precluded from being relitigated . . . pursuant to the *Rooker-Feldman* doctrine." ECF No. 1 at PageID #: 20. According to the Bankruptcy Court, the TILA claim before it was "equally precluded" under the *Rooker-Feldman* doctrine. *Id.* The Bankruptcy Court misreads the Sixth Circuit's opinion which did not affirm

(5:19CV2212)

the dismissal on the basis of *Rooker-Feldman* but rather because the claims were precluded.[17]  In

fact, the Sixth Circuit's 2013 opinion does not mention the *Rooker-Feldman* doctrine.[18]

Moreover, the Sixth Circuit's 2012 opinion remanding the case emphasizes that "the district

court reasoned that the *Rooker-Feldman* doctrine and *res judicata* barred all the Taylor's claims."

*Taylor v. Deutsche Bank Natl. Trust Co.*, 2012 WL 1861117, at *2 (6th Cir. May 23, 2012).  As

the Sixth Circuit recognized, these two doctrines are separate and distinct.  *See also Lance v.*

*Dennis*, 546 U.S. 459, 466 (2006) ("*Rooker-Feldman* is not simply preclusion by another name.")

The Bankruptcy Court conflates the two issues.  *Rooker-Feldman* is a doctrine that recognizes a

federal district court's limited original subject matter jurisdiction, while preclusion is an

equitable doctrine that prohibits parties from relitigating issues already decided.

Rooker-Feldman* cannot be invoked merely because Plaintiff raises "some independent

claim, albeit one that denies a legal conclusion that [the] state court has reached . . . . " *Exxon*

*Mobil*, 544 U.S. at 293 (citations omitted).  Raising a claim based on the same factual

underpinnings is insufficient to deprive the Court of jurisdiction under *Rooker-Feldman.  See*

*McCormick v. Braverman,* 451 F.3d 382, 395 (6th Cir. 2006) (finding that *Rooker-Feldman* is

---

[17] *See* ECF No. 31 at PageID #: 547 in Case No. 5:10-cv-2766-JRA.

[18] *See* ECF No. 31 at PageID #: 547 in Case No. 5:10-cv-2766-JRA ("On remand, the district court explained its denial, concluding that . . . the Taylors . . . were precluded from relitigating [their claims] in federal court.").  Even in its original opinion remanding the case the Sixth Circuit never suggested that the Court's finding that the *Rooker-Feldman* doctrine applied  was correct.  *See Taylor v. Deutsche Bank Natl. Trust Co.*, 2012 WL 1861117, at *3 (6th Cir. May 23, 2012) ("Liberally construed, however, the complaint alleges several claims that do not obviously fall under the *Rooker-Feldman* doctrine . . . .").

"confined to those cases . . . when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law."). Mere overlap between a previous state case and a federal case does not implicate this limited doctrine. See *id*.

Because the matter pertaining to the mortgage had been litigated and decided in state court, and Plaintiff's TILA claim does not challenge the judgment itself, the Bankruptcy Court should have applied preclusion analysis irrespective of the *Rooker-Feldman* doctrine. Nevertheless, the Court adopts the Bankruptcy's recommended dismissal of these claims because they are precluded, as explained below.

### 2. Claim Preclusion

The Bankruptcy Court concluded that Plaintiff's TILA claim should be dismissed pursuant to claim preclusion because they are "substantially identical" to his previous federal claims. ECF No. 1 at PageID #: 20. "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citation omitted). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the same claim raises the same issues as the earlier suit.'" *Id*. at 892 (citation omitted). In addition, in order for a federal judgment to preclude a party in subsequent litigation, the party must have had a "full and fair opportunity to litigate." *Id*. (citation omitted). Dismissing cases with prejudice constitutes a final judgment on the merits. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015) (noting that although "dismissals without prejudice generally are not judgments on the merits for claim preclusion purposes" the case was precluded because the prior action was

dismissed with prejudice) (citations omitted). Taylor's prior TILA claim from 2010 was

dismissed with prejudice and affirmed by the Sixth Circuit. Accordingly, Plaintiff's TILA claim

is precluded by the prior federal court's ruling.

Moreover, Plaintiff's TILA claim is barred by the judgment in the state foreclosure action

under Ohio claim preclusion law.[19] State court judgments must be given the same preclusive

effects in federal court. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). The

Court "must look to the law of the rendering state to determine whether and to what extent that

prior judgment should receive preclusive effect in a federal action." *Id*. (citation omitted).

Accordingly, Ohio law regarding preclusion determines the preclusive effect of the state court

judgment in Plaintiff's foreclosure action on Plaintiff's TILA claim. Under Ohio law, four

elements comprise claim preclusion:

> (1) a prior, final valid decision on the merits by a court of competent
> jurisdiction; (2) a second action involving the same parties, or their
> privies, as the first; (3) a second action raising claims that were or could
> have been litigated in the first action; and (4) a second action arising out
> of the transaction that was the subject matter of the previous action.

*Id*. (citation omitted).

All four elements of claim preclusion under Ohio law are satisfied. There was a final,

valid decision on the merits against Plaintiff in the state foreclosure action. Second, this case

involves the same parties and their privies. Plaintiff could have raised his TILA claim in the

---

[19] Preclusion applies to two separate court judgments, the state foreclosure action and the federal action where Plaintiff previously raised a TILA claim that stems from the mortgage at the center of this litigation. The preclusive effect of the foreclosure action is analyzed under Ohio preclusion law while the latter is evaluated under federal common law.

foreclosure action and is now barred from raising this claim in subsequent litigation. Finally, Plaintiff's current action arises out of the same transaction, namely the mortgage on the disputed property. Against this backdrop, Plaintiff's TILA claim is precluded under Ohio claim preclusion law.

### C. Claims Against Deutsche Bank's Counsel and Counsel's Firm

Plaintiff claims that the attorneys representing Deutsche Bank were not authorized to act as Defendants' attorneys. To survive dismissal, Plaintiff must set forth factual allegations in his Complaint sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's assertion stems from emails between Plaintiff and alleged employees from Deutsche Bank.[20] ECF No. 1 at PageID #23. As the Bankruptcy Court noted, "none of these emails state that Manley Deas and Franks do not represent Deutsche Bank, nor do they contradict [Franks'] simple statements . . . that he and his firm represent Deutsche Bank." *Id.* at PageID #: 23-24. Moreover, Plaintiff's claim is not plausible because Manley Deas, defense counsel's firm, has litigated on Deutsche Bank's behalf regarding Plaintiff's voluminous claims for years.[21] *Id.* The Bankruptcy Court correctly concluded that Plaintiff failed to state a claim because it is not a plausible assertion.

---

[20] *See* ECF No. 1 at PageID #: 12-13, 21-24, 45-47 in Case No. 19-5017-amk.

[21] *See* Case No. 5:11-cv-521-BYP (listing counsel from Manley Deas as representing Deutsche Bank); *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2018 WL 893852 (Ohio Ct. App. Feb. 14, 2018) (same) *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2016 WL 5724200 (same).

**D. Plaintiff's Civil Rights Claims**

**1. Color of Title - Sections 1981 and 1982**

Plaintiff asserts a claim for "color of title" under 42 U.S.C. § 1981 and 42 U.S.C. § 1982, which prohibit race discrimination in making and enforcing contracts and the right to own and lease property respectively. Race discrimination claims under 42 U.S.C. § 1981 are reviewed under the same standards as race discrimination claims under Title VII. *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999). Plaintiff must provide either direct evidence or circumstantial evidence of racial discrimination.[22] *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 346 (6th Cir. 2012). In his nearly 50-page Complaint, he provides neither direct nor circumstantial evidence of racial discrimination.[23] Plaintiff's claim under § 1982 suffers from the same defect. *See Kuerbitz v. Meisner*, 2018 WL 5310762, at * 5 (6th Cir. July 11, 2018) (noting that the § 1982 claim was appropriately dismissed because the complaint "does not allege that the defendant discrimination against him on account of his race . . . "). Accordingly, any claims raised under 42 U.S.C. §§ 1981 and 1982 must be dismissed.

---

[22] When there is no direct evidence but circumstantial evidence, the Court should analyze the circumstantial under the burden-shifting framework adopted in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). *See Chattman*, 686 F.3d at 346. Because Plaintiff fails to even provide circumstantial evidence of racial discrimination, the Court need not apply the *McDonnell Douglas* analysis.

[23] *See* ECF No. 1 in 19-05017-amk.

## 2. Adverse Possession

### a. Section 1983

Plaintiff avers that he has adverse possession of the property and that this right to the property is secured under 42 U.S.C. § 1983. Section 1983 claims can generally only be brought against state actors, not private entities or individuals.[24] *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Because Defendants are private corporations and one private individual, Plaintiff cannot raise Section 1983 claims against them. Moreover, Section 1983 allows individuals to assert claims under the Takings Clause of the Fifth Amendment, but not adverse possession claims. *See Estes v. Toyota Fin. Serv.*, 2015 WL 222137, at *5 (E.D.N.Y. Jan. 13, 2015) ("It is well established, however, that 42 U.S.C. § 1983 and the Fifth Amendment only prohibit *government* actors from taking private property without just compensation.") (emphasis in original). Because Defendants are private actors, Taylor has to failed to state a claim upon which relief can be granted.

### b. Ohio Adverse Possession Law

Even if the Court construes Plaintiff's adverse possession claim under Ohio law, Plaintiff's claim must still be dismissed. "To prove adverse possession, claimants must show that they had open, notorious, continuous, and adverse use and exclusive possession for 21

---

[24] In limited circumstances, private parties may be sued under 42 U.S.C. § 1983. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335-36 (6th Cir. 1992) (noting that a private entity may be a state actor under the "public function" test, the "state compulsion" test, or the "symbiotic relationship" test). Plaintiff pleads no facts to indicate Defendants are actors of the state. Accordingly, Defendants cannot be considered state actors under any of these tests.

years." *Koprivec v. Rails-to-Trails of Wayne Cnty.*,102 N.E.3d 444, 447 (Ohio 2018). Plaintiff has lived on the property for only a little over half of the statutory time requirement to be entitled to the property under adverse possession. Accordingly, the Court dismisses Plaintiff's adverse possession and squatter's rights claim with prejudice.

### E. Intentional Infliction of Emotional Distress

The Bankruptcy Court also recommended dismissing Plaintiff's claims for intentional infliction of emotional distress. To make out a *prima facie* claim for intentional infliction of emotional distress in Ohio, plaintiff must show that (1) defendants intended to cause emotional distress, or knew or should have known that their actions would result in emotional distress; (2) defendants' conduct was extreme and outrageous; (3) defendants' actions proximately caused plaintiff's emotional injuries; and (4) that plaintiff suffered serious emotional anguish. *Miller v. Curie*, 50 F.3d 373, 377 (6th Cir. 1995) (citations omitted).

Plaintiff fails to demonstrate that Defendants' conduct was extreme and outrageous. Plaintiff must provide evidence that Defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 453 N.E.2d 666, 671 (1983). Plaintiff neither explains what conduct is outrageous nor how any of the Defendants' conduct is outrageous. As the Bankruptcy Court properly noted:

> Deutsche Bank's alleged conduct was neither extreme nor outrageous. When the Taylors failed to make payments on the Note, Deutsche Bank, after years of litigation, foreclosed upon the Property. This is a legally-

> sanctioned collection effort by a creditor seeking to recover its collateral upon default, not an extreme or outrageous act.

ECF No. 1 at PageID #: 26.  Accordingly, Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

### F. Quiet Title of the Property

The Bankruptcy Court found that Plaintiff could not quiet title to the property because title transferred to Deutsche Bank once the deed was recorded.  ECF No. 1 at PageID #: 23. Under Ohio Rev. Code § 5303.01, an individual may bring a civil action "against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest." Deutsche Bank purchased the property at the foreclosure sale.  As the Bankruptcy Court noted, a sheriff's deed on the property was properly recorded.  ECF No. 1 at PageID #: 22-23.  Once the deed was recorded, "[t]itle to the Property . . . transferred to Deutsche Bank . . . ."  *Id.* at PageID #: 23; *see also Deutsche Bank Nat'l Trust Co. v. Taylor*, 2016 WL 5724200, at *1.  Because the title was transferred to Deutsche Bank and recorded, Plaintiff has no interest in the property to contest.  *See Zordich v. Christiana Bank and Trust,* 2015 WL 9583028, at *4 (N.D. Ohio Dec. 31, 2015)* ("Ohio courts, however, have consistently determined that when a borrower voluntarily signs a mortgage, that mortgage cannot be removed or extinguished through a quiet title action . . . ." (citations omitted))*; Gasper v. Bank of America, N.A.*, 133 N.E.3d 1037, 1045 (Ohio Ct. App. 2019) (finding dismissal appropriate because the plaintiff "can prove no set of facts entitling her to recover on her quiet title claim. . . .")  Accordingly, Plaintiff's quiet title claim must be dismissed.

### IV. Conclusion

For the reasons above, the Court adopts the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law for all claims except Plaintiff's TILA claim. The Court rejects the Bankruptcy Court's rationale that *Rooker-Feldman* bars Plaintiff's TILA claim but adopts the conclusion that the TILA claim must be dismissed with prejudice, as explained above. Accordingly, all of Plaintiff's non-core claims are dismissed with prejudice. Plaintiff's motion in limine (ECF No. 5) is denied as moot.


      IT IS SO ORDERED.


   January 31, 2020                       */s/ Benita Y. Pearson*
Date                                     Benita Y. Pearson
                                       United States District Judge